U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

JUL 3 0 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

JOSEPH CLYDE POTIER, ET AL.                    CIVIL ACTION NO. 13-0789

VERSUS                                         JUDGE DOHERTY

JBS LIBERTY SECURITIES, INC., ET AL.           MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Pending before this Court is the "Motion for New Trial and Alternative Motion to Amend or Alter Judgment" [Doc. 98] filed by plaintiffs Joseph Clyde and Potier and Glenda Potier.  Rather vaguely, the plaintiffs "submit [their motion] relating to the Court's Ruling dismissing Plaintiff's claims against [defendant] American General Securities, Inc. ["AGSI"] as time barred, with prejudice.  Alternatively, Plaintiffs move for an order altering or amending the dismissal with prejudice to reflect a dismissal without prejudice because all of Plaintiffs' claims can be pled timely with amendment."[1]  The motion is opposed by AGSI [Doc. 100].  For the following reasons, the motion is DENIED.

## I.      Factual and Procedural History

The factual and procedural history have been set forth in detail in the September 29, 2014 Report and Recommendation issued by the magistrate judge and adopted by this Court on October 24, 2014 and, therefore, will not be repeated here.  What is relevant for the purposes of this motion are the following procedural facts:

- AGSI filed a Motion to Compel Arbitration and Dismiss Proceedings, or Alternatively, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc.

---

[1] *See* plaintiffs' Motion for New Trial, Doc. 98.

73], seeking a judgment of dismissal of all claims against AGSI or, alternatively, an order staying the proceedings against AGSI pending arbitration on the basis of an arbitration agreement.

• On September 29, 2014, Magistrate Judge Hanna issued a Report and Recommendation [Doc. 88] recommending AGSI's motion to dismiss be granted on grounds plaintiffs' state and federal law claims were time-barred and AGSI's motion to compel arbitration be pretermitted. **Plaintiffs did not file an objection to Magistrate Judge Hanna's Report and Recommendation**.

• After making an independent review of the record and noting the absence of objection to dismissal of AGSI's claims, this Court adopted Magistrate Judge Hanna's findings and conclusions and dismissed all claims against AGSI, **without prejudice**, by Judgment issued on October 24, 2014 [Doc. 89].

• On November 21, 2014, AGSI filed a motion to alter and/or amend the October 24, 2014 Judgment pursuant to Fed. R. Civ. P. 59(e) [Doc. 92] solely for the purpose of requesting that the dismissal of plaintiffs' claims against AGSI be "with prejudice" as opposed to "without prejudice." **The plaintiffs did not oppose AGSI's motion**.

• On January 8, 2015, after noting the absence of opposition to AGSI's Rule 59(e) motion and finding that the motion "appear[ed] to be well-grounded in law and fact," this Court granted the requested relief and amended its October 24, 2014 Judgment to reflect AGSI's dismissal as being one **"with prejudice"** [Doc. 97].

## II.    Law and Analysis

District courts have substantial discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). *See Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). Nevertheless, the jurisprudence shows Rule 59(e) recognizes only three grounds on which to alter or amend reasons for judgment: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563,

566 (5th Cir. 2003).  The Fifth Circuit recognizes as a general rule that reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *citing Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000).

A motion to alter or amend judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.*

In the instant motion, the plaintiffs vaguely seek a "new trial" "relating to the Court's Ruling dismissing plaintiffs' claims" against AGSI as time-barred with prejudice, or alternatively, seek an order amending the dismissal of all claims against AGSO *with prejudice* to a dismissal of all claims against AGSI *without prejudice*.  However, in their motion, the plaintiffs do not present or identify a specific error in this Court's January 8, 2015 Order – the order that dismissed the claims against AGSI with prejudice.  Rather,  plaintiffs merely re-hash legal arguments presented in opposition to AGSI's original motion to dismiss, arguments that were considered and rejected by the magistrate judge in issuing his Report and Recommendation, and arguments that were considered again by this Court in entering Judgment on the motion.  The law is well-settled that a motion to alter or amend judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Furthermore, as AGSI points out, the plaintiffs did not file an objection to Magistrate Judge Hanna's Report and Recommendation wherein he recommended AGSI's request for dismissal under Rule 12(b)(6) be granted, nor did the plaintiffs oppose AGSI's motion to alter and/or amend the Court's October 24, 2014 Judgment.  Thus, the plaintiffs have not diligently pursued the very relief they now seek in the instant motion.

Noting the Fifth Circuit's recognition that relief under Rule 59(e) is an "extraordinary remedy" that should be used sparingly, this Court concludes plaintiffs fail to demonstrate they satisfy the three grounds for which alteration of a judgment is proper under Rule 59(e).  Plaintiffs have not demonstrated there has been a change in controlling law; the availability of new evidence not previously available; or the need to correct a clear error of law or fact or to prevent a manifest injustice.  *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).  Indeed, out of an abundance of caution, this Court has reviewed the Report and Recommendation of the magistrate judge and the applicable jurisprudence and concludes the plaintiffs' claims against AGSI are, indeed, time-barred and subject to dismissal with prejudice.[2]

Moreover, as this Court has pointed out, the evidence shows the plaintiffs have not diligently pursued the very relief they seek in their motion, as they did not file an objection to Magistrate Judge Hanna's Report and Recommendation wherein he recommended AGSI's request for dismissal under Rule 12(b)(6) be granted, nor did the plaintiffs oppose AGSI's motion to alter and/or amend the Court's October 24, 2014 Judgment from a judgment of dismissal *without prejudice* to a judgment

---

[2] Indeed, as set forth in detail in the magistrate judge's Report, contrary to the argument set forth by plaintiffs in their motion, the Fifth Circuit has not allowed churning claims to stand on transactions occurring prior to the applicable limitations or repose cut-off date. *See, e.g., Escalon v. World Group Securities, Inc.*, 2008 WL 5572823 (N.D. Tex. 2008) *3, *citing Romano v. Merrill Lynch, Pierce, Fenner & Smith*, 834 F.2d 523, 526, 528–29 (5th Cir.1985) (affirming the district court in dismissing a churning claim to the extent it was based upon transactions occurring prior to the limitations cut-off date).

of dismissal *with prejudice*. For these reasons, the plaintiffs are not entitled to the relief they request.

Considering the foregoing,

IT IS ORDERED that plaintiffs' Motion for New Trial and Alternative Motion to Amend or Alter Judgment" [Doc. 98] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____ day of July 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE